UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

IN RE:                                    )
THE LAFAYETTE UNION RAILWAY  )
COMPANY                              )       Case No. 10-40912
    Debtor.                            )       Chapter 11

### MOTION FOR RELIEF FROM STAY OR IN THE ALTERNATIVE FOR ADEQUATE PROTECTION

Comes now Lafayette Bank and Trust, a division of First Merchants Bank, NA ("Bank"), a secured creditor herein, by and through its counsel, James R. Schrier, and hereby moves this Court for an Order for Relief from the Automatic Stay or in the alternative for adequate protection. In support of this motion, would show the Court as follows:

### FACTS

1. On September 8, 2010, The Lafayette Union Railway Company ("Debtor") filed for relief under Chapter 11 of the Bankruptcy Code by filing a Voluntary Petition in the United States Bankruptcy Court for the Northern District of Indiana.

2. On or about September 18, 2007, Debtor entered into a Universal Note executed by John K. McBride, as Secretary/Treasurer of Debtor, with Bank to purchase Real Estate in the principal sum of $6,985,000.00 ("Note"), together with interest theron at a rate of 8.50% per annum on the unpaid balance (with said interest rate to change in accordance with the terms of the Note).  The accrued interest was payable in quarterly installments beginning on January 10, 2008.  The Note matured on October 10, 2009 ("Maturity Date").  The original principal sum and accrued, unpaid interest were due and payable on the Maturity Date.  A true, accurate and correct copy of said Note is attached hereto and incorporated herein as Exhibit A.

3. On or about October 23, 2007, Debtor delivered a Commercial Debt Modification Agreement, executed by John K. McBride, as Secretary/Treasurer of Debtor, to Bank that added additional collateral to secure the repayment of the Note ("Modification"). Pursuant to the terms of the Modification, all other terms and conditions of the Note remained the same. A true and accurate copy of the Modification is attached and incorporated herein as Exhibit B.

4. A Mortgage was entered on the Real Estate to secure payment of the Note, which was recorded in the office of the Tippecanoe County Recorder's office on September 25, 2007 as Instrument No. 07020370. Bank's Mortgage is a valid lien against the property ("Mortgage 1"). A true, accurate and correct copy of said Mortgage is attached hereto and incorporated herein as Exhibit C.

5. A second Mortgage was entered on the Real Estate to secure payment of the Note, which was recorded in the office of the Tippecanoe County Recorder's office on October 24, 2007 as Instrument No. 07022301. Bank's Mortgage is a valid lien against the property ("Mortgage 2"). A true, accurate and correct copy of said Mortgage is attached hereto and incorporated herein as Exhibit D.

6. Debtor is in default under its obligations to Bank pursuant to the Note in that Debtor has become insolvent and events have occurred which have caused Bank to deem itself insecure or has impaired the prospects of Bank realizing upon its collateral.

7. Debtor has defaulted in its obligations to Bank under the Note, and pursuant to the Mortgage 1 and Mortgage 2, Bank is entitled to possession of Debtor's Real Estate of 354 Acres and 1.6 Acres more particularly described in Mortgage 1 and Mortgage 2, hereinafter referred to as Real Estate.

8. Debtor is in default under its obligations to Bank pursuant to the Note in that Debtor has not made regular payments.

9. On or about February 24, 2010, Bank filed a Complaint for Foreclosure of Mortgages and on Promissory Note in the Tippecanoe Superior Court 2, Cause No. 79D02-1002-MF-00004.

10. On or about July 1, 2010 Bank obtained a Judgment and Decree of Foreclosure on the Real Estate ("Judgment). A true, accurate and correct copy of said Judgment is attached hereto and incorporated herein as Exhibit E.

11. As of September 8, 2010, there is due Bank from Debtor principal in the sum of $5,752,096.02, plus accrued interest in the amount of $86,990.37, for a total amount of $5,839,086.39, plus accrued interest from September 8, 2010 at the rate of 8% per annum.

12. Debtor has retained possession of the Real Estate and continues to use same.

13. Bank is not adequately protected with regard to the above-described Real Estate pursuant to 11U.S.C. 363(e).

14. Upon Bank's information and belief, the value of the Real Estate is approximately $4,000,000.00. Debtor does not have any equity in the Real Estate which provides security for the Note, Mortgage 1 and Mortgage 2 in that the sum of the principal, interest, costs and fees due Bank is approximately $5,839,086.39.

WHEREFORE, Bank prays that this Court grant Bank relief from the Automatic Stay with regard to the Real Estate referenced in the Note, Mortgage 1 and Mortgage 2, or in the alternative, for adequate protection with regard to the real estate and that Bank be granted permission to take such action against the Real Estate as permitted under the Note, Mortgage 1 and Mortgage 2 related thereto and applicable state law.

/s/ James R. Schrier
James R. Schrier
Attorney No. 14113-06
REILING TEDER & SCHRIER, LLC
415 Columbia Street, Suite 3000
3rd Floor, Columbia Center
P. O. Box 280
Lafayette, IN  47902-0280
Telephone:  (765) 423-5333
Facsimile:  (765) 423-4564
E-mail:  jrs@rtslawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of September, 2010, a true and complete copy of the foregoing pleading was served by the United States mail, postage prepaid, or by electronic mail upon:

1. United States Trustee, 5th Floor, One Michiana Square, 100 East Wayne Street, South Bend, IN 46601
2. David A. Rosenthal, 410 Main Street, Lafayette, IN 47901.

/s/ James R. Schrier
James R. Schrier